## Lessee of Dr. Robert Johnston *against* Christopher Eckart.

Vendor of an improvement right without warranty, may be a witness to the title in an ejectment.

EJECTMENT for 170 acres of land in Air township.

The plaintiff claimed under a patent.

The defendant claimed under a warrant and survey, and under an improvement right derived from Adam Linn and John Linn. The latter had given a bill of sale of his improvement to Daniel Besshore, dated 30th March 1790, in consideration of 3l. without any covenant of warranty.

The deposition of John Linn, taken in pursuance of a rule of court, was offered in evidence by the defendant to establish his improvement right.

This was objected to by the plaintiff's counsel. It will be highly dangerous and inconvenient to permit persons to receive money for lands, and allow them to be sworn afterwards in defence of the title they have sold. Perjury must be the result. Besides, Linn is in fact swearing in his own cause; because, if the lands are recovered from the defendant, he may oblige Linn to repay back the 3l. as received without consideration.

*Sed per curiam.* It has been long settled, that a vendor who *has made no covenant for good title or warranty, may [*428 be allowed to prove the title of the vendee. 1 Stra. 445. The Supreme Court has, in so many instances, adopted the principles of evidence, laid down in the case of Bent *v.* Baker *et al.* that they cannot now be questioned. 3 Term Rep. 27. Courts of justice endeavour, where they legally can, to restrain objections to the credit, rather than the competency of witness, and the ends of justice are best promoted thereby. The only difficulty here is, whether the verdict in this cause may at a future day be given in evidence for or against the witness; (Ib. 32, 34, 36, 309, 310) and we incline to think it cannot at the present moment. Should it hereafter appear that we are mistaken in admitting the evidence to go to the jury, and a verdict should pass for the defendant, we will grant a new trial without costs.

Verdict for the plaintiff.

Messrs. Duncan and Brown, *pro quer.*
Messrs. Hamilton and S. Riddle, *pro def.*